# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 12-195V
(E-Filed: February 25, 2014)

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| MICHAEL PEREYRA, as Guardian Ad * | UNPUBLISHED |
| Litem, for minor son, M.S.P., Jr., * | |
| * | |
| Petitioner, * | Special Master |
| * | Hamilton-Fieldman |
| v. * | |
| * | MMR Vaccination; Varicella |
| SECRETARY OF HEALTH AND * | Vaccination; Hepatitis A Vaccination; |
| HUMAN SERVICES, * | Acute Encephalopathy; Seizure |
| * | Disorder; Decision; Stipulation. |
| Respondent. * | |
| * * * * * * * * * * * * * * | |

Neal Fialkow, Pasadena, CA, for Petitioner.
Ann Martin, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On March 26, 2012, Petitioner filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program"). Petitioner alleged that his son ("M.S.P. Jr.") suffered an acute encephalopathy and/or other injury that has resulted in a seizure disorder, as a result of receiving the measles-mumps-rubella

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, "the entire" decision will be available to the public. *Id.*

("MMR"), varicella, and hepatitis A ("Hep A") vaccinations.[2]

Respondent denies that M.S.P. Jr.'s vaccinations caused M.S.P. Jr.'s acute encephalopathy and/or other injury that has resulted in a seizure disorder, and/or any other injury. Nonetheless, both parties, while maintaining their above stated positions, agreed in a Stipulation, filed February 24, 2014, ("Stipulation") that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation.

The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The stipulation awards:

A lump sum of $250,000.00 in the form of a check payable to Petitioner as guardian/conservator of M.S.P. Jr.'s estate. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a) to which Petitioner would be entitled.

Stipulation ¶ 8.

The undersigned approves the requested amounts for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MICHAEL PEREYRA, as Guardian Ad Litem, for minor son, MICHAEL S. PEREYRA, JR.,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | No. 12-195V<br>Special Master Hamilton-Fieldman<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of his son, Michael S. Pereyra, Jr. ("Michael"), petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Michael's receipt of measles-mumps-rubella ("MMR"), varicella, and hepatitis A ("Hep A") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Michael received MMR, varicella, and Hep A vaccines on April 20, 2009. He also received diphtheria-tetanus-acellular pertussis ("DTaP") and pneumococcal conjugate ("PCV") vaccines on June 18, 2009.

3. The vaccines were administered within the United States.

4. Petitioner alleges that the vaccines that Michael received on April 20, 2009, caused him to suffer an acute encephalopathy and/or other injury that has resulted in a seizure disorder,

global developmental delay, and quadriplegia. In the alternative, petitioner alleges that these vaccines significantly aggravated a preexisting condition. Petitioner further alleges that Michael experienced the residual effects of his vaccine-related injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Michael as a result of his condition.

6. Respondent denies that Michael suffered the onset of an encephalopathy within the time period set forth in the Table; denies that the MMR, varicella and/or Hep A vaccines that Michael received on April 20, 2009, or any other vaccines, caused an encephalopathy, seizure disorder, global developmental delay, quadriplegia, and/or any other injury; denies that any of Michael's vaccines caused a significant aggravation of a preexisting condition; and denies that Michael's current disabilities are sequelae of his alleged injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $250,000.00 in the form of a check payable to petitioner as guardian/conservator of Michael's estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to

42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of Michael's estate under the laws of the State of California. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as guardian/conservator of Michael's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of Michael S. Pereyra, Jr., at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by

a court of competent jurisdiction to serve as guardian/conservator of the estate of Michael S. Pereyra, Jr., upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and as legal representative of Michael, on petitioner's own behalf, and on behalf of Michael, his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Michael resulting from, or alleged to have resulted from, the MMR, varicella and/or Hep A vaccinations administered on April 20, 2009, and/or the DTaP and/or PCV vaccines administered on June 18, 2009, as alleged by petitioner in a petition for vaccine compensation filed on or about March 26, 2012, in the United States Court of Federal Claims as petition No. 12-195V.

15. If Michael should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the MMR, varicella, Hep A, and/or any other vaccines caused petitioner to suffer an encephalopathy, seizure disorder, global developmental delay, quadriplegia, and/or any other injury; or that Michael's vaccines caused him to suffer a significant aggravation of a preexisting condition.

19. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

*[signature]*

MICHAEL PEREYRA

ATTORNEY OF RECORD FOR
PETITIONER:

*[signature]*

NEAL J. FIALKOW
Law Offices of Neal J. Fialkow, Inc.
215 North Marengo Avenue
Third Floor
Pasadena, CA 91101
(626) 584-6060

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*[signature]* Vincent J. Matanoski
by [Catheras?]

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

*[signature]*

VITO CASERTA, M.D., M.P.H.
Acting Director, Division of Vaccine
Injury Compensation (DVIC), Director,
Countermeasures Injury Compensation
Program (CICP)
Healthcare Systems Bureau, U.S. Dept.
of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

*[signature]*

ANN D. MARTIN
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, DC 20044-0146
(202) 307-1815

Dated: 2-24-14

6